THOMAS J. PATILLO, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Where the special Act establishing a County Court for the county of Dougherty made no provision as to the time within which the writ of *certiorari* to said Court should be applied for, the general County Court Act controls.

2. Where there are two affirmative statutes, and the substance of each is such that both may stand, the latter statute does not repeal the former, but both have a concurrent efficacy.

3. Where a criminal case was tried before the County Court of Dougherty county and the defendant, upon conviction, attempted to carry the same before the Superior Court by writ of *certiorari*, but the Judge refused to sanction the petition, which refusal is assigned as error, the Solicitor General of the Albany Circuit is entitled to represent the case in this Court. (R.)    See report.

County Courts.  *Certiorari.*  Statutes.  Practice in the Supreme Conrt.  Before Judge STROZER.  Dougherty county. At Chambers, March 3d, 1873.

When this case was called the question was submitted to the Court whether the Solicitor General of the Albany Circuit or the Solicitor of the County Court of the county of Dougherty was entitled to represent the same.  The case was tried before the County Court and the attempt made to carry it by *certiorari* to the Superior Court.  The Judge refused to sanction the petition for *certiorari*, and petitioner excepted.

The Court held that the Solicitor General was entitled to represent the case.

For the facts, see the decision.

G. J. WRIGHT; WILLIAM OLIVER, for plaintiff in error.

B. B. BOWER, Solicitor General; VASON & DAVIS, for the State.

WARNER, Chief Justice.

The defendant was indicted in the County Court of Dougherty county for a misdemeanor; was tried and found guilty on the first Thursday in January, 1873.  On the 27th day of February, 1873, he made application by petition, to the Judge of the Superior Court for a *certiorari*, which was refused, and the defendant excepted.  In this case, the Judge put his refusal on the ground that the application was not made within ten days from the trial, as required by the Act of 5th of Feb-

ruary, 1873. To this the defendant replied, that the offense was committed before the passage of the Act of 5th February, 1873, and that as the law then stood he was entitled to have three months to apply for a *certiorari*, according to the general provisions of the Code, inasmuch as the Act of 24th of August, 1872, creating the County Court for Dougherty county made no provision as to the time within which the application for a *certiorari* from that Court should be made. If there was no other Act applicable to this question but the Act of February, 1873, we should hold that the refusal of the application by the Court below was error, but there was another law of the State applicable to *certioraris* from County Courts when the alleged offense was committed and when it was tried in that Court.

The 14th section of the general County Court law provides for a *certiorari* from the decision and judgment of the county Judge, in all criminal cases, in ten days after the trial thereof. This Act was passed the 19th of January, 1872, and is applicable to *each county in the State*, except such counties as are specially named therein, and Dougherty county is not one of them. Under this last named Act, no County Judge can be appointed for a county until the grand jury thereof shall so recommend; but by the special Act for Dougherty county, passed on the 24th August, 1872, a Judge may be appointed for that County Court without the recommendation of the grand jury, but it is, nevertheless, a County Court, and the provisions of the Act of 19th January, 1872, are applicable to it, so far as the same are not repugnant to or inconsistent with the Act of 24th August, 1872. There is nothing in the special Act of 24th August, 1872, creating a County Court for Dougherty county which is repugnant to or inconsistent with the general County Court law of the 19th of January, 1872, as to the time within which application shall be made for a *certiorari* in the County Court of that county; and, therefore, the provisions of that general law are as applicable to the County Court of Dougherty county as to any other County Court in the State, so far as the time of making an applica-

tion for *certiorari* is concerned. Both Acts provide for a County Court—the one by a special Act, the other by a general law of the State—and both are affirmative statutes, and the rule is that where there are two affirmative statutes, and the substance of each is such that both may stand together, then the later statute does not repeal the former, but both shall have a concurrent efficacy. There is nothing in the special Act of 24th of August, 1872, creating a County Court for the county of Dougherty which is repugnant to or inconsistent with the general law of the State providing for *certioraris* to the Superior Courts in criminal cases tried in the County Courts, and that general law of the 19th of January, 1872, was as applicable to the obtaining a *certiorari* from the County Court of Dougherty, as any other County Court, provided the application was made therefor within ten days, as prescribed by that general law of the State. This general law of the State being of force at the time the offense is alleged to have been committed and the trial had, the application for a *certiorari* should have been made to the presiding Judge in ten days after the trial, as prescribed by the 14th section of the Act of 19th January, 1872, and as the defendant did not do so, the application for a *certiorari* was properly refused for that reason, and the judgment of the Court below should be affirmed.

Judgment affirmed.